FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 08, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ALI KANE, a.k.a. ABDOULAYE TOUMBOU,<br><br>                    Plaintiffs,<br><br>    v.<br><br>WALDO and TROY STULL,<br><br>                    Defendant. | NO. 2:23-CV-0368-TOR<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT |

BEFORE THE COURT are Plaintiff's Motion for Partial Summary Judgment (ECF No. 30) and Defendants' Motion for Summary Judgment (ECF No. 33). These matters were submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Defendants' Motion for Summary Judgment (ECF No. 33) is **GRANTED** and Plaintiff's Motion for Partial Summary Judgment (ECF No. 30) is **DENIED**.

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 1

# BACKGROUND

This is a civil rights action brought under 42 U.S.C. § 1983. Plaintiff Ali Kane is a federal prisoner who at all times relevant to this case was housed at the Airway Height Corrections Center ("AHCC") in Airway Heights, Washington. Plaintiff, who is proceeding as *pro se* brought this action against Tyler Waldo ("Waldo"), a correctional officer at AHCC, and Troy Stull ("Stull"), Unit Sergeant at AHCC, alleging violations of his First Amendment rights to exercise his religion and be free from retaliation. ECF No. 8.

The following facts are taken from Plaintiff's Amended Complaint (ECF No. 8) and the parties' summary judgment briefings.

**Claims Against Waldo**

On November 23, 2023, Plaintiff approached Waldo to ask him why he was written up the prior week for talking to another inmate in the foyer while working as a porter when Waldo permitted other inmates to do the same without punishment. ECF No. 8 at ¶¶ 1.2, 1.21, 1.22. Waldo responded to Plaintiff that he should mind his own business. *Id.* at ¶ 1.22. Plaintiff then requested a grievance form from Waldo so that he could submit a complaint against him for violating prison procedures. *Id.* at ¶¶ 1.25. Waldo handed Plaintiff a grievance form and then told him to cell in. *Id.* at ¶ 1.26. Plaintiff claims this act constituted retaliation in violation of his First Amendment rights because Waldo told him to

cell in after learning Plaintiff intended to submit a grievance against him. *Id.* at ¶¶ 1.31,1.32. Plaintiff claims he celled in and later that night submitted a grievance against Waldo. *Id.* at ¶ 1.34.

The next day Plaintiff returned from dinner to discover Waldo searching his cell. *Id.* at ¶ 1.35. Stull approached Plaintiff during the search and asked what he did to "piss off" Waldo. *Id.* at ¶ 1.36. Plaintiff told Stull it was because Plaintiff had filed a grievance against Waldo the day before. *Id.* at ¶ 1.37. Plaintiff claims this cell search by Waldo also constituted retaliation in violation of his First Amendment rights. *Id.* at ¶ 1.44. Defendants argue the cell search was done in accordance with DOC policy requiring searches of general population cells at minimum once every sixty days and Waldo had no idea of Plaintiff's grievance against him at the time of the search. ECF No. 33 at 7.

During the search, Waldo confiscated four of Plaintiff's books for the stated reason that they either had an altered Department of Corrections ("DOC") number, the wrong DOC number, or no DOC number in violation of DOC policy. *Id.* at ¶¶ 2.21,2.29. Plaintiff noticed that one of the confiscated books was his Quran which he claims to have received from the Chaplain at Coyote Ridge Corrections Center. *Id.* at ¶¶ 2.22,2.23. Plaintiff contends that the Quran had been in compliance with DOC policy and subsequently made several unsuccessful requests for its return. *Id.* at ¶ 2.47. Plaintiff claims that Waldo's failure to return the Quran hindered

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 3

1  Plaintiff's ability to practice his religion in violation of the First Amendment. *Id.*
2  at ¶ 2.43. Defendants argue that a Quran was not among one of the books
3  confiscated and none of the books were listed on Plaintiff's property matrix. ECF
4  No. 34 at ¶¶ 16,19.

5  **<u>Claim Against Stull</u>**

6      Plaintiff alleges that after he filed his grievance against Waldo regarding the
7  incident on November 23, Stull interviewed Waldo as part of his investigation into
8  the grievance. *Id.* at ¶ 3.21. During the interview, Stull told Plaintiff he should
9  drop the grievance against Waldo and in return Stull would talk to Waldo. *Id.* at ¶
10 3.28. After Plaintiff expressed his intent to continue to pursue the grievance, Stull
11 then told Plaintiff that if he did not drop the grievance he would be terminated
12 from his position as porter. *Id.* at ¶ 3.35. Plaintiff agreed to drop the grievance
13 against Waldo and did not pursue any grievance against Stull for threat of losing
14 his job. *Id.* ¶¶ 3.41,3.42. The grievance against Waldo was thereafter found to be
15 unsubstantiated and noted as resolved. Plaintiff did not appeal the finding.
16 Plaintiff alleges Stull's conduct constituted retaliation in violation of the First
17 Amendment. *Id.* at ¶ 3.43.

18                         **DISCUSSION**

19     Both parties move for summary judgment. Plaintiff moves for partial
20 summary judgment as to his free exercise claim while Defendants move for

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT ~ 4

summary judgment as to all of Plaintiff's claims. ECF Nos. 30 and 33.

### A. Motions for Summary Judgment

The Court may grant summary judgment in favor of a moving party who demonstrates "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling on a motion for summary judgment, the court must only consider admissible evidence. *Orr v. Bank of America, NT & SA*, 285 F.3d 764 (9th Cir. 2002). The party moving for summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to identify specific facts showing there is a genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. For purposes of summary judgment, a fact is "material" if it might affect the outcome of the suit under the governing law. *Id.* at 248. Further, a dispute is "genuine" only where the evidence is such that a reasonable jury could find in favor of the non-moving party. *Id.* The Court views the facts, and all rational inferences therefrom, in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). Summary judgment will thus be granted

"against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

**B. Defendants' Motion for Summary Judgment**

Defendants move for summary judgment on all of Plaintiff's claims arguing Plaintiff cannot meet the required elements of any of his First Amendment claims nor did he exhaust his administrative remedies as to his retaliation claim against Stull and his grievance against Waldo regarding the cell in incident on November 23. ECF No. 33 at 8, 12, 14.

*1. Failure to Exhaust Administrative Remedies*

Defendants argue Plaintiff failed to exhaust as administrative remedies as to his retaliation claims against Waldo and Stull regarding the November 23 incident, thereby requiring dismissal. ECF No. 33 at 14. The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust all available administrative remedies before bringing a § 1983 action. 42 U.S.C. § 1997(e)(a). "This means that a grievant must use all steps the prison holds out, enabling the prison to reach the merits of the issue." *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009). However, a failure to exhaust may be excused where prison officials render the grievance process effectively unavailable such as a threat of retaliation for reporting an incident. *McBride v. Lopez*, 807 F.3d 982, 987 (9th Cir. 2015). The

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 6

1  *McBride* test has both a subjective and an objective component. For the subjective
2  prong, an inmate must "provide a basis for the court to find that he actually
3  believed prison officials would retaliate against him if he filed a grievance," and
4  demonstrate he was actually deterred from doing so. *Id.* at 987-88. And as for the
5  objective prong, the inmate must show his belief was objectively reasonable by
6  providing "some basis in the record for the district court to conclude that a
7  reasonable prisoner of ordinary firmness would have believed that the prison
8  officials action communicated a threat not to use the prison's grievance procedure
9  and that the threatened retaliation was of sufficient severity to deter a reasonable
10 prisoner from filing a grievance." *Id.* at 988.

11      Plaintiff claims that he did not appeal the unsubstantiated finding for his
12 grievance against Waldo regarding the November 23 incident or pursue any
13 grievance against stull for the threat of retaliation because he feared he would lose
14 his job due to Stull's threats. ECF No. 39 at ¶¶ 6,9. Yet, Plaintiff alleged in his
15 Amended Complaint that Stull threatened Plaintiff's job if he continued to pursue a
16 grievance against Waldo, not if he made any grievance against Stull. Stull's
17 reasoning, according to Plaintiff, was because Waldo was Plaintiff's supervisor,
18 and Stull would have to conclude they could not get along if he continued to
19 pursue the grievance. ECF No. 8 at ¶ 3.35. Moreover, despite Stull allegedly
20 threatening Plaintiff's job if he pursued the grievance against Waldo, Plaintiff filed

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT ~ 7

two grievances against Waldo several days later regarding the November 24 cell search, including the allegation that Waldo searched the cell in retaliation for Plaintiff's November 23 grievance. ECF No. 33-4 at 4, 5. He also filed a grievance on December 19 about the general appeals process and Waldo's confiscation of his books, and finally a grievance against Stull on December 28 accusing him of being racist and singling out Plaintiff as a black man. ECF Nos. 33-4 at 2, 33-5 at 2. These subsequent grievances against both Waldo and Stull undermine Plaintiff's contention he was actually deterred from filing the grievance against Stull due to Stull's threats or pursuing the grievance against Waldo. Therefore, the Court finds Plaintiff has not satisfied the subjective prong of the *McBride* test and has not shown there is a genuine dispute of material facts as to whether administrative remedies were effectively unavailable to him. Accordingly, Defendants are entitled to summary judgment on the issue of exhaustion, and Plaintiff's retaliation claims against Stull and Waldo regarding the November 23 grievance is dismissed without prejudice for failure to exhaust administrative remedies prior to bringing the claims to a federal court. 42 U.S.C. § 1997e(a).

2. First Amendment Retaliation

To establish a First Amendment retaliation claim, five elements must be met. The plaintiff must allege (1) he engaged in protected conduct, (2) the defendant

took adverse action against the plaintiff, (3) there was a causal connection between the adverse action and the protected conduct, (4) the defendant's acts chilled the plaintiff's exercise of his First Amendment activities, and (5) the retaliatory conduct did not advance a legitimate correctional goal. *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012). Defendants argue Plaintiff cannot meet the third and fifth elements. ECF No. 40 at 2.

A prisoner filing a grievance is protected conduct under the First Amendment. *Id.* ("Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so."). Further, the Ninth Circuit held in *Entler v. Gregoire*, 872 F.3d 1031 (9th Cir. 2017), that a prisoner threatening to sue was protected activity the same as actually suing. *Id.* at 1042. District courts within the Ninth Circuit have extended this holding to also apply in situations where a prisoner threatens to file a grievance. *See, e.g.*, *Irvin v. Roldan*, No. CV 19-1418-AG (KK), 2019 WL 8105897, at *3 (C.D. Cal. Dec. 23, 2019) (collecting cases). In applying the elements to the facts of this case, there is no question that Plaintiff filing the grievance against Waldo or threatening to do so was protected activity.

Plaintiff argues the cell search conducted by Waldo on November 24, 2023, was in retaliation for Plaintiff filing a grievance against him the day before. ECF No. 38 at 3. District courts within this circuit have found that cell searches

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 9

constitute an adverse action where the plaintiff alleges he was specifically targeted for the cell search, as Plaintiff does here. *See, e.g., Jackson v. William*, No. 2:21-CV-01773-CDS-MDC, 2025 WL 105305, at *3 (D. Nev. Jan. 14, 2025) (concluding a targeted cell search was an adverse action); *Cejas v. Paramo*, No. 14-CV-1923-WQH(WVG), 2017 WL 1166288, at *6 (S.D. Cal. Mar. 28, 2017) ("[A]lthough cell searches are a routine part of prison life, a cell search may nonetheless constitute an adverse action . . . .").

The causal connection element is less clear. Plaintiff must show "a causal connection between the adverse action and the protected conduct." *Watison*, 668 F.3d at 1114. "[T]iming can properly be considered as circumstantial evidence of retaliatory intent." *Pratt v. Rowland*, 65 F.3d 802, 808 (9th Cir. 1995). But "Plaintiff must show that in the totality of the circumstances retaliation was a substantial or motivating factor" in Waldo's action in searching Plaintiff's cell. *Hicks v. Dotson*, 73 F. Supp. 3d 1296, 1302 (E.D. Wash. 2014) (citing *CarePartners, LLC v. Lashway*, 545 F.3d 867, 877 (9th Cir. 2008)). "Mere speculation that defendants acted out of retaliation is not sufficient." *Woody v. Yordy*, 753 F.3d 899, 905 (9th Cir. 2014). Plaintiff has failed to make such a showing here.

The parties do not dispute that Waldo handed Plaintiff a grievance form the day before the cell search (ECF Nos. 34 at ¶ 5, 39 at ¶ 5); but Plaintiff claims

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 10

1  Waldo watched him submit the grievance form that same day while the form itself
2  was noted as being received on November 27, three days after the cell search
3  occurred.  ECF No. 33-2.  Plaintiff also states that while he believes he told Waldo
4  he would submit a grievance against him before being told to cell in, he cannot
5  recall specifically if he did actually say so.  ECF No. 38 at 3.  Waldo claims he did
6  not even know Plaintiff intended to submit a grievance against him until six days
7  after the cell search occurred.  ECF No. 31-1 at ¶¶ 6,7.  And even if the Court
8  found it plausible that Waldo could have deduced the grievance was about him
9  when he handed the grievance form to Plaintiff, Plaintiff has not presented
10 sufficient evidence beyond the timeline of events that retaliation was a substantial
11 or motivating factor in Waldo conducting a search of his cell the next day.  *See*
12 *Hicks*, 73 F. Supp. at 1303 (holding the defendant was entitled to summary
13 judgment where the plaintiff offered no evidence of the defendant's intention other
14 than the timeline of events).  Plaintiff's allegation that Stull asked Plaintiff during
15 the cell search what he did to upset Waldo, a question Plaintiff now admits he does
16 not recall his response to but believes he said it was due to his grievance against
17 him, alone is insufficient to even show Waldo was aware of the grievance much
18 less that the search was motivated by retaliation.  ECF No. 38 at 1.
19         Plaintiff bears the burden of meeting all the elements of a retaliation claim
20 and there is simply insufficient evidence from the record from which a reasonable

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT ~ 11

factfinder could conclude that Waldo retaliated against Plaintiff. Therefore, Defendants are entitled to summary judgment on the remaining First Amendment retaliation claim against Waldo.

   *3. First Amendment Free Exercise Violation*

Plaintiff alleges Waldo violated his First Amendment right to free exercise of religion by confiscating his Quran during the cell search and refusing to return it to him. Defendants argue Plaintiff cannot show that a Quran was located in his cell or that it was taken but even if he could, he has failed to show the confiscation caused a substantial burden on his religious practices. ECF No. 33 at 9.

"A person asserting a free exercise claim must show that the government action substantially burdens the person's practice of [his] religion." *Jones v. Williams*, 791 F.3d 1023. "A substantial burden ... place[s] more than an inconvenience on religious exercise; it must have a tendency to coerce individuals into acting contrary to their religious beliefs or exert substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Jones v. Williams*, 791 F.3d 1023, 1031 (9th Cir. 2015) (quoting *Naoko Ohno v. Yasuma,* 723 F.3d 984, 1011 (9th Cir. 2013)).

An issue of material fact exists as to whether the Quran was among the four books confiscated by Waldo, however, even if the Quran was confiscated as Plaintiff contends, he has failed to raise an issue of fact on whether the confiscation

substantially burdened his religious practice. Contrary to Plaintiff's assertion, confiscation of a religious text alone does not create a substantial burden. *See Mitchell v. Fox*, 2014 WL 414293, at *5 (E.D. Wash. Feb. 4, 2014), aff'd, 586 F. App'x 407 (9th Cir. 2014) (finding no substantial burden on inmate's free exercise of religion where personal Quran confiscated but inmate could request new copies from the chaplain); *Smith v. Ellis*, No. 3:18-CV-5427-RAJ-TLF, 2021 WL 8155948, at *13 (W.D. Wash. Feb. 24, 2021) (finding confiscation of inmate's bible does not alone meet the substantial burden requirement); *see also Dunlap v. Losey*, 40 F. App'x 41, 43 (6th Cir. 2002) (explaining deprivation of plaintiff's personal bibles "while making the practice of his religion somewhat more difficult, did not coerce him into action contrary to his beliefs").

Plaintiff's argument that he is unsure of how to request another Quran because all the Qurans he receives from the Chaplain are confiscated is also unavailing. ECF No. 38 at 7. Plaintiff states that he obtained the Quran allegedly confiscated from the Chaplain at CRCC while he was housed there but concedes he just took a book from a book cart in the day room at CRCC because no sign prohibited inmates from taking books back to their cell. ECF No. 30 at 5. The provided DOC policy covering religious programs, including religious items, articulates how religious items may be obtained and requires all religious items be issued by the Chaplain/designee and documented on an offender's property form.

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT ~ 13

1  ECF No. 31-1 at 26.  Plaintiff has not provided any evidence that he has been

2  unable to obtain a Quran through the proper channels at AHCC, or has even

3  attempted to do so, other than speculation that it would only be confiscated again.

4  This is an insufficient showing that Plaintiff has been substantially burdened in

5  exercising his religion by the alleged confiscation of his Quran.

6      Plaintiff additionally asserts that the confiscation of his Quran was not in

7  accordance with due process.  ECF No. 36 at 4.  However, the Court previously

8  dismissed Plaintiff's due process claims (ECF No. 10 at 8), therefore this argument

9  is irrelevant to his First Amendment free exercise claim.

10      For these reasons, Plaintiff has failed to meet his burden in showing that he

11  was substantially burdened by the alleged confiscation of his Quran, and his free

12  exercise claim must fail.  Defendants are therefore entitled to summary judgment.

13  //

14  //

15  //

16  //

17  //

18  //

19  //

20  //

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 14

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendants' Motion for Summary Judgment (ECF No. 33) is **GRANTED**.

2. Plaintiff's Motion for Partial Summary Judgment (ECF No. 30) is **DENIED**.

3. All deadlines, hearings and trial dates are **VACATED**.

The District Court Executive is directed to enter this Order, enter judgment in favor of Defendants, furnish copies to the parties, and **CLOSE** the file.

DATED May 8, 2025.



THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 15